UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DUFFY,<br><br>    Plaintiff<br><br>v.<br><br>JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>    Defendant | Case No.: 2:22-cv-01988-APG-BNW<br><br>**Order Granting Motion to Dismiss Second Amended Complaint**<br><br>[ECF No. 46] |

    I previously dismissed James Duffy's First Amended Complaint. In doing so, I detailed the many defects in Duffy's claims and theories. ECF Nos. 43, 44. I granted Duffy one final chance to amend. Duffy's Second Amended Complaint (SAC) does not cure the many defects I previously pointed out, so I grant defendant JP Morgan Chase Bank's (Chase) current motion to dismiss.

    The parties are familiar with the facts and procedural history of this case, so I will not repeat those in detail here. The SAC asserts two claims: negligent misrepresentation and aiding and abetting breach of fiduciary duty. ECF No. 45. Duffy alleges that Chase allowed Warren Markowitz (who was licensed to practice law in New York but not Nevada) to open an Interest On Lawyer Trust Account (IOLTA) in 2009. Ten years later, Duffy deposited $420,000 into that account, which Markowitz withdrew and misappropriated. Duffy contends that by allowing Markowitz to open and maintain that IOLTA account, Chase misrepresented to Duffy that Markowitz was a Nevada licensed attorney. *Id.* at 5-9. Notably, nothing in the name of the account or any Chase document calls it a "Nevada" IOLTA or states that Markowitz held a Nevada license.

Duffy's misrepresentation claim is based on the flawed theory that only Nevada lawyers can open IOLTA accounts in Nevada, so by allowing Markowitz to open an IOLTA account, Chase represented that Markowitz was a Nevada lawyer. ECF Nos. 44 at 14-15; 47 at 8.  When I dismissed this claim before, I noted that Duffy cited to no case, rule, or statute to support this theory.  He still has not.  Duffy relies on Nevada Supreme Court Rule 217, which requires Nevada lawyers to maintain IOLTAs.  But that rule applies to lawyers, not to banks.  If a bank decides to participate in the IOLTA program, it subjects itself to the Supreme Court's rules regarding such accounts.  But the Supreme Court of Nevada is not a legislative body and cannot pass laws regulating banks or what types of accounts they can open for which customers. ECF No. 44 at 20-24.  Nothing prohibits a bank from opening an IOLTA account for a non-Nevada lawyer.[1]  Because Duffy's claim is based on this flawed legal theory, and because Chase never referred to Markowitz as a Nevada lawyer, the negligent misrepresentation claim fails as a matter of law.

Duffy's second claim, for aiding and abetting the breach of a fiduciary duty, is likewise fatally flawed.  As I stated during the previous hearing, Duffy must plausibly allege that Chase either had actual knowledge of Markowitz's breach of his fiduciary duty or knew of facts that would amount to bad faith if Chase failed to investigate. ECF No. 44 at 44-45 (referring to *Dunham Tr. Co. as Tr. of Darrell N. Garmann Testamentary Tr. 2012 v. Wells Fargo Bank, N.A.*, No. 3:18-cv-00181-LRH-WGC, 2019 WL 5684172, at *2 (D. Nev. Oct. 31, 2019)).  As I stated then, Chase could not have known when it opened the account in 2009 that Markowitz would breach his fiduciary duty to Duffy 10 years later. *Id.* at 29.  I also noted the deficiencies of

---

[1] As discussed at the prior hearing, New York Rule of Professional Conduct 1.15(b) allows New York lawyers (like Markowitz) to hold funds in banks outside of New York. ECF No. 44 at 17-20.

Duffy's allegations that Chase's monitoring of the account provided Chase sufficient notice of the breach of fiduciary duty. *Id.* at 29-35.  Duffy's SAC does not overcome these defects.

    For these and the many reasons I placed on the record during the September 6, 2023 hearing, I dismiss Duffy's SAC.  Duffy has had three opportunities to plead plausible claims against Chase but has failed to do so.  I therefore deny him leave to amend another time.

    I THEREFORE ORDER that the defendant's motion to dismiss **(ECF No. 46) is granted**.  The clerk of court is directed to enter judgment in favor of defendant JP Morgan Chase Bank, N.A. and against plaintiff James Duffy, and to close this file.

    DATED this 28th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE